## WISSEL v. OTT.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. LANDLORD AND TENANT—NOTICE TO QUIT—WAIVER.
   Where ejectment was brought against a tenant at will, without giving him the required 30 days' written notice to quit, and on the trial defendant's counsel disclaimed any right to the premises if plaintiff was an heir to the prior owner, such disclaimer was a waiver of defendant's right to occupy the premises until after notice.

2. BASTARDS—LEGITIMATION—DESCENT—PRESUMPTIONS.
   Where the parents of an illegitimate child married subsequent to his birth, thereby rendering him legitimate, under Laws 1895, c. 531, so as to enable him to inherit property descending to him after the enactment of the statute, it will be presumed, in the absence of evidence, that his ancestor died subsequent to the statute.

3. SAME—QUESTIONS FOR JURY.
   Where, in ejectment, plaintiff's right to inherit from his father was disputed, and evidence was introduced showing that he was born out of wedlock, and a surrogate's decree establishing his right to inherit, such evidence raises a question of fact, the decision of which is conclusive on appeal.

Appeal from trial term.

Ejectment by Andrew Wissel against George Ott. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen B. Jacobs, for appellant.

Thomas P. Mulligan, for respondent.

CULLEN, J.   This action is in ejectment, to recover premises of which the plaintiff's father died seised.   We are inclined to think that the defendant was a tenant at will, entitled to the statutory 30 days' notice to quit, and that the refusal of the trial court to dismiss the complaint, made at the close of the plaintiff's case, was erroneous.   Larned v. Hudson, 60 N. Y. 102.   But·the appellant is precluded from raising this objection by his subsequent action on the trial.   The plaintiff had put in evidence, as part of his case, a decree of the surrogate made in proceedings for the probate of heirship, establishing his right to inherit the premises as sole heir of his deceased father.   The defendant proved, by a witness, that the plaintiff's parents were married in this country two years after the birth of the plaintiff in Germany.   The defendant thereupon moved for judgment on the ground that the illegitimacy of the plaintiff precluded his inheritance.   The record shows that the counsel for the appellant then stated that the defendant disclaimed any right to the premises if the plaintiff was the heir.   This disclaimer disposed of any right the defendant might have had to continue his occupation till after 30 days' written notice to quit.

This action·was begun on the 27th of July, 1897.   There is nothing in the case to show when the plaintiff's father died.   By chapter 531 of the Laws of 1895, the plaintiff, if born out of wedlock, was legitimatized by the subsequent marriage of his parents.   Of course, this statute could not·devest any title that had accrued prior to its enactment.   As the record is silent on the subject, we must assume that the death of the plaintiff's father was subsequent to the statute. Further, apart from the statute, the testimony of the witness for the defendant and the decree of. the surrogate's court raised a question of fact, on which question the decision of the trial court is controlling.

The judgment appealed from should be affirmed, with costs.   All concur.